DECISION AND JOURNAL ENTRY
Appellant, Kevin Lee Blanchard, appeals his conviction in the Summit County Court of Common Pleas. We reverse.
 I.
Kevin Lee Blanchard contacted David Michael Morris with the apparent purpose of giving Mr. Morris information on how to burglarize the Wilkinsons' home. Mr. Blanchard wished to have the Wilkinsons' home burglarized in revenge for something that they or his girlfriend had done, as they were his girlfriend's parents. To that end, he informed Mr. Morris that the Wilkinsons were away and even drove Mr. Morris to the residence to identify it. On or before February 21, 1998, Mr. Morris robbed the Wilkinsons' home at 936 Impala Drive in Summit County, Ohio. Mr. Morris stole numerous items from the Wilkinson residence including their automobile. He used their automobile to transport the other stolen goods to Cleveland. Mr. Morris then arranged the sale of the items and gave Mr. Blanchard a share of the money received.
Officer Gary Moneypenny of the Springfield Township Police Department supervised the police investigation. The Wilkinsons sent photographs of their missing property to numerous pawnshops in the Cleveland area. A pawnshop soon responded that it had several of the items. From that point, the Officers tracked down the parties who had sold the items, and found a trail that led to Mr. Morris. Mr. Morris then implicated Mr. Blanchard, first asserting that Mr. Blanchard had committed the robbery with him and then relating that Mr. Blanchard had in fact only aided him in planning the robbery.
On February 18, 1999, Mr. Blanchard was indicted by the Summit County Grand Jury on one count of receiving stolen property, in violation of R.C. 2913.51. A bench trial was held, commencing on December 6, 1999. The trial court found Mr. Blanchard guilty on December 8, 1999. Mr. Blanchard was sentenced accordingly on December 16, 1999. This appeal followed.
 II.
Mr. Blanchard asserts two assignments of error. We will address each in due course.
 A. Second Assignment of Error THE STATE OF OHIO DID NOT PRODUCE LEGALLY SUFFICIENT EVIDENCE TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT.
Mr. Blanchard avers that the trial court erred in convicting him based on insufficient evidence because the state did not produce evidence at trial that showed that he received, obtained, or disposed of the stolen property in question. We agree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Moreover, "retrial is barred if the reversal was based upon a finding that the evidence was legally insufficient to support the conviction." Id. at 387.
To be convicted of receiving stolen property, one must have "receive[d], retain[ed], or dispose[d] of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A). "Possession of stolen property for purposes of the receiving stolen property statute, R.C. 2913.51, may be constructive as well as actual. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Hankerson (1982),70 Ohio St.2d 87, syllabus. Moreover, "control or dominion may be achieved through the instrumentality of another." State v. Wolery
(1976), 46 Ohio St.2d 316, 332.
In the instant case, the trial court found that possession of stolen property had occurred when Mr. Blanchard received from Mr. Morris the proceeds of the stolen property. The trial court concluded that, for the purposes of R.C. 2913.51, "property" includes "the cash proceeds thereof[.]" However, "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). Accordingly, we turn to the language of R.C. 2913.51(A) to determine if "property" does include the proceeds of the sale of stolen property.
R.C. 2913.51(A) refers to receiving "the property" which has been obtained through a theft offense. The legislature, had it intended to include the proceeds of the sale of stolen property, could easily have done so. The statute, by its terms, refers only to the property actually obtained through a theft offense. Therefore, we decline to expand the meaning of "property" in R.C. 2913.51 to the proceeds received from the sale of stolen property, as we must strictly construe the statute against the state. See R.C. 2901.04(A). Furthermore, were we to hold that the proceeds of the sale of stolen property constituted stolen property, every item that was stolen and then sold would create an ever-expanding circle of stolen property. The item itself would obviously remain stolen but it would contaminate the money that purchased it as stolen, then when that money was spent the property it purchased would presumably also be considered stolen. This kind of endless chain of stolen property was not what the legislature intended or set forth in R.C. 2913.51. 1974 Technical Committee Comment to Am.Sub.H.B. No. 511 (stating that the property received was to be stolen property). Accordingly, we must find that the evidence presented by the state that showed that Mr. Blanchard had received the proceeds of the sale of stolen property was insufficient to show that he had received, retained, or disposed of stolen property as the money itself was not stolen.
The state asserts that it established at trial that Mr. Blanchard had dominion and control over the property through the instrumentality of Mr. Morris. First, we note that the trial court explicitly found Mr. Blanchard guilty based on his receipt of the proceeds of the stolen property, rather than finding that the state had showed that Mr. Blanchard had dominion and control over the stolen property. Assuming arguendo
that it would comport with due process for this court to affirm Mr. Blanchard's conviction based on a finding that the trial court explicitly did not make, we find that the state did not establish that Mr. Blanchard had dominion and control over the stolen property. The evidence adduced at trial showed no agreement between Mr. Morris and Mr. Blanchard to split the proceeds of the stolen property or that Mr. Blanchard ever had or exercised dominion or control over the property after it was stolen. Moreover, Mr. Morris testified that Mr. Blanchard had never touched any of the stolen property and that, although Mr. Blanchard planned the theft — apparently as revenge against the owners of the burgled residence — there was no agreement to split the proceeds. Further, Mr. Blanchard did not control the property through Mr. Morris by specifying where it was to be kept or sold. Mr. Morris further testified that Mr. Blanchard "said he didn't care" about the money or property. Accordingly, we can find no evidence of dominion or control over the stolen property on the part of Mr. Blanchard.
Herein we only concern ourselves with the crime charged namely receiving stolen property, in violation of R.C. 2913.51. Although charges of conspiracy, in violation R.C. 2923.01, or complicity, in violation of R.C. 2923.03, seem more apt, Mr. Blanchard's appeal does not involve these issues. Accordingly, we conclude that the state failed to adduce sufficient evidence at trial to convict Mr. Blanchard of receiving stolen property and sustain his second assignment of error.
 B. First Assignment of Error THE TRIAL COURT ERRED BY ADMITTING HEARSAY EVIDENCE TO PROVE THAT THE VALUE OF THE STOLEN PROPERTY WAS IN EXCESS OF $500.00.
Mr. Blanchard avers that the trial court erred in admitting hearsay testimony regarding the amount of money that he received from Mr. Morris. He argues that the trial court erred in admitting the testimony as a statement against interest by Mr. Morris when Mr. Morris was available to testify and did, in fact, testify. As our resolution of Mr. Blanchard's first assignment of error requires reversal, we find this assignment of error to be moot and decline to address it. See App.R. 12(A)(1)(c).
 III.
Mr. Blanchard's second assignment of error is sustained. His first assignment of error is rendered moot by our resolution of his second assignment of error. The verdict of the Summit County Court of Common Pleas is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT, BAIRD, J., CONCURS.